**IN THE UNTED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **COMPREHENSIVE MANAGEMENT SERVICES, INC. d/b/a TRIACLE, CONHOLD OF CATOOSA, LLC d/b/a ROLLING HILLS CARE CENTER, and FRANK SULLIVAN, JR.** | ) | |
| **Plaintiffs,** | ) | **Case No. CIV-25-401-JFH-GLJ** |
| **v.** | ) | |
| **COLUMBIA CASUALTY COMPANY,** | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiffs Comprehensive Management Services, doing business as Triacle ("Triacle"), Conhold of Catoosa, LLC, doing business as Rolling Hills Care Center ("Rolling Hills"), and Frank Sullivan, Jr. ("Sullivan") filed this action on April 17, 2025, in Sequoyah County District Court of Oklahoma, alleging that Defendant Columbia Casualty Company committed breach of contract and bad faith by refusing to provide insurance coverage regarding a lawsuit by one of Rolling Hills' residents. [Docket No. 2-1]. Defendant removed the action to this Court on November 6, 2025 [Docket No. 2]. The Court referred this case to the undersigned Magistrate Judge on December 5, 2025, for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. [Docket No. 17]. On March 30, 2026, Plaintiffs filed a First Amended Complaint [Docket No. 31].

Defendant filed its Renewed Partial Motion to Dismiss on April 13, 2026 [Docket No. 33]. Defendant seeks the dismissal of all Plaintiffs' bad faith claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the undersigned Magistrate Judge finds that Defendant's Renewed Partial Motion to Dismiss ("Motion") [Docket No. 33] should be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Sullivan is the owner and executive officer of both Triacle and Rolling Hills. Docket No. 31 at ¶ 3. Triacle is an Oklahoma corporation that manages nursing facilities within the state. *Id.* at ¶ 1. Rolling Hills is one of those facilities. *Id.* at ¶ 2. Plaintiffs purchased liability insurance from Defendant in late 2019. That insurance policy was amended on November 16, 2019—specifically limiting the coverage available to Rolling Hills. *Id.* at ¶ 7 & Ex. 2. On April 9, 2020, Plaintiffs received a demand on behalf of a former resident of Rolling Hills regarding the death of a resident shortly after that resident's stay in early November of 2019. Plaintiffs reported the resident's claim to Defendant on April 17, 2020. Docket No. 31 at ¶ 8. Around April 20, 2020,[1] Defendant denied the claim "as it related to Rolling Hills." *Id.* at ¶ 9. Specifically, Defendant denied the claim because "[t]he coverage for Rolling Hills Care Center was terminated" in the previous November and the claim was not reported until "after the policy effective dates for [Rolling Hills]." *Id.*

---

[1] There is conflicting information about when, exactly, the April 2020 denial was sent. Plaintiffs' First Amended Complaint alleges the denial was sent on or about April 20, 2020. Docket No. 31 at ¶ 9. In its Motion, Defendant states the date of denial was April 22, 2020, *see* Docket No. 33 at p. 3, but also argues as if the date of denial was April 20. *Id.* at p. 6. For purposes of this Report and Recommendation, the Court finds the two-day discrepancy to be immaterial and utilizes the date set forth in Plaintiffs' First Amended Complaint.

The family of the Rolling Hills resident sued all three Plaintiffs on October 29, 2021. *Id.* at 14. Plaintiffs did not provide notice of the lawsuit to Defendant and thus incurred their own costs in defending the lawsuit. *Id.* That lawsuit remains ongoing. *Id.*

In March of 2024, Plaintiffs obtained documentation of the claims that were submitted to Defendant. Docket No. 31 at ¶ 15. Plaintiffs allege that, among these documents, a Loss Run Report revealed that Defendant found coverage for the Rolling Hills claim but had "secretly closed the claim without payment." *Id.* That "irregularity" prompted Plaintiffs' representative to review terms of Plaintiffs' insurance policy, which allegedly revealed all three Plaintiffs had coverage for the claim brought by the Rolling Hills resident's family. *Id.* at ¶ 16. Plaintiffs demanded coverage from Defendant in a letter sent on March 17, 2025. On October 1, 2025, Defendant denied coverage for all three Plaintiffs. *Id.* at ¶¶ 17–18. Plaintiffs filed this action in state court on April 17, 2025. Docket No. 2-1.

Defendant argues Plaintiffs failed to file their bad faith tort claim within the two-year statute of limitations. *See* Docket No. 33 & 35. Defendant asserts that the Plaintiffs knew or should have known whether Defendant was correct to deny Rolling Hills coverage in April of 2020, making the statute of limitations expire in April of 2022. *Id.* Defendant additionally argues that Triacle and Sullivan should have also been aware of their bad faith claims, if any, at the time the coverage for Rolling Hills was denied. *Id.* Because Plaintiffs did not file their bad faith claims until 2025, Defendant argues those claims are time-barred and should thus be dismissed with prejudice.

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

Whether the statute of limitations bars an action "is often a question of fact not appropriately resolved through a motion to dismiss." *Mid-Continent Cas. Co. v. KCHM, Inc.*, 2020 WL 13866271, at *3 (E.D. Okla. Dec. 21, 2020). However, "[i]f the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6)." *SFF–TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 997 (N.D. Okla. 2017) (citing *Rohner v. Union Pac. R.R. Co.*, 225 F.2d 272, 273–75 (10th Cir. 1955); *Gossard v. Gossard*, 149 F.2d 111, 113 (10th Cir. 1945); *Andrew v. Schlumberger Tech. Co.*, 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)); *see also Vigil v. Doe*, 405 F. Supp. 3d 1058, 1067 (D.N.M. 2019).

To make the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the

allegations in the light most favorable to the claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, the court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

Finally, a court is generally constrained to "consider only the contents of a complaint when ruling on a motion to dismiss." *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) (citing *Goodwill Indus. of Cent. Okla., Inc. v. Philadelphia Indem. Ins. Co.*, 21 F.4th 704, 709 (10th Cir. 2021)). Courts may, however, consider other documents that are (1) attached to the complaint; (2) incorporated by reference in the complaint; or (3) referred to in the complaint, are central to the complaint, and indisputably authentic. *Id.* (citing *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013)).

## III. Analysis

"A federal court sitting in diversity applies state law for statute of limitations purposes." *Mid-Continent Cas. Co.*, 2020 WL 13866271, at *3 (quoting *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005)). In Oklahoma, the statute of limitations for bad faith tort claims is two years. OKLA. STAT. tit. 12, § 95; *Lewis v. Farmers Ins. Co., Inc.*, 1983 OK 100, ¶ 7, 681 P.2d 67, 70. Generally, in cases involving bad faith denials of insurance coverage, the cause of action arises when the insurance claim is denied. *Mid-Continent Cas. Co.*, 2020 WL 13866271 at *4 (citing *Blue v. Universal*

*Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1203 (N.D. Okla. 2009)). More generally, the tort arises when the insurer breaches the duty to "deal fairly and in good faith with its insured," such as when it "in bad faith unreasonably withholds payment of the claim." *Lewis*, 1983 OK 100, ¶ 7, 681 P.2d 67, 70.

Plaintiffs argue that their bad faith claims should not be dismissed as time-barred for three reasons: (1) the discovery rule prohibits the statute of limitations period from running until March of 2024, when Plaintiffs obtained the Loss Run Report; (2) the statute of limitations period is tolled under the doctrine of fraudulent concealment; and (3) the accrual of Triacle and Sullivan's claims cannot be established as a matter of law.

**A. The Discovery Rule**

Oklahoma law utilizes the "discovery rule" to determine when the statute of limitations for tort claims accrues. *See Erikson v. Farmers Grp., Inc.*, 151 Fed. Appx. 672, 676 (10th Cir. 2005) (citing *Smith v. Baptist Found. of Okla.*, 2002 OK 57, ¶ 8, 50 P.3d 1132, 1137). "The discovery rule provides that 'the limitations period does not begin to run until the date the plaintiff knew or should have known of the injury.'" *Id.* (quoting *The Samuel Roberts Noble Found., Inc. v. Vick*, 1992 OK 140, ¶ 22, 840 P.2d 619, 624). Nonetheless, "[e]ven under the discovery rule," plaintiffs are required to pursue their claims with reasonable diligence. *Id.* (citing *Daugherty v. Farmers Coop. Ass'n*, 1984 OK 72, ¶ 12, 689 P.2d 947, 951). Plaintiffs are thus charged with knowledge of facts that should have been discovered with reasonable diligence. *Id.*

i. *Plaintiffs Triacle and Sullivan*

The Court is unable to determine, as a matter of law, whether Triacle and Sullivan knew or should have known of sufficient facts giving rise to their bad faith claim before March of 2024. Though not attached to the Complaint, the parties do not dispute the accuracy of the quoted portions of Defendant's denial of coverage in April of 2020. At that time, Defendant stated that "coverage for *Rolling Hills Care Center* was terminated" and the Plaintiffs' claim was received "after the policy effective dates *for the above mentioned facility*." Docket No. 31 at ¶ 9 (emphasis added). Defendant did not explicitly deny coverage for Triacle and Sullivan until 2025. *Id.* at ¶ 18.

Defendant argues that because Triacle and Sullivan are sophisticated parties, denial as to Rolling Hills should have prompted them to make further inquiry or seek assistance from counsel as to their own bad faith claims. But this argument fails to address the fact that nothing in the April 2020 denial was directed toward Triacle or Sullivan. The insurance policy, attached to Plaintiffs' First Amended Complaint, itself states that insurance coverage applies "separately to each Insured against whom a claim is made." Docket No. 31, Ex. 1 at p. 17. There is no indication, from the First Amended Complaint or the parties' briefs, that the April 2020 denial of coverage was directed to all three Plaintiffs. Viewing the language of the April 2020 denial in a light most favorable to Plaintiffs, the Court cannot say, as a matter of law, that Sullivan and Triacle should have known Defendant was denying *them* insurance coverage at that time.

Further, in support of both of their arguments, the parties cite a letter sent by Defendant dated April 12, 2025. Docket No. 16, Ex. 1. That letter documents that Triacle's

and Sullivan's insurance claims were expressly denied in 2025 and is explicitly referenced in Plaintiffs' First Amended Complaint as well as cited by Defendant in its Motion. *Id.*; *see also* Docket No. 31 at ¶ 18. The letter is therefore central to the Complaint, and its authenticity is not disputed. The Court may thus consider the letter without transforming the instant motion into a motion for summary judgment. *Cuervo*, 112 F.4th at 1312. In that letter, Defendant explains that it refused to provide coverage for Rolling Hills because coverage for Rolling Hills terminated prior to the claim being made, whereas its denial to reimburse Triacle for its defense costs was based on Triacle's failure to provide timely notice of the pending lawsuit—which was filed after the April 2020 denial. *See* Docket No. 16-1 at 3–4. Triacle and Sullivan plausibly allege they did not know their claims were being denied for failure to provide timely notice under the policy until they received that letter on October 1, 2025. Docket No. 31 at ¶ 18.

At the very least, "reasonable men might reach conflicting opinions" regarding when Triacle and Sullivan knew or should have known that they had a bad faith claim against Defendant. *Redwine v. Baptist Med. Ctr. of Okla., Inc.*, 1983 OK 55, ¶ 9, 679 P.2d 1293, 1295. Thus, the Court is unable to resolve the issue of when Triacle's and Sullivan's claims accrued at the motion to dismiss stage. *Id.*

*ii. Plaintiff Rolling Hills*

Rolling Hills' bad faith claim against Defendant accrued on April 20, 2020, when it received the Defendant's denial of coverage regarding the former resident's claim. *See Mid-Continent Cas. Co. v. KCHM, Inc.*, 2020 WL 13866271, at *4 (E.D. Okla. Dec. 21, 2020); *Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1204 (N.D.

Okla. 2009). Unlike Triacle and Sullivan, the Defendant's April 2020 denial was clearly directed toward Rolling Hills. Docket. No. 31 at ¶ 9. Thus, if the decision to deny coverage was improper, Rolling Hills knew or should have known that it had a bad faith claim at the time of Defendant's denial. *See Lewis v. Farmers Ins. Co., Inc.*, 1983 OK 100, ¶ 7, 681 P.2d 67, 70 (bad faith claims arise when the insurer breaches its duty to deal fairly and in good faith with the insured).

Plaintiffs argue that the discovery rule should toll the statute of limitations for Rolling Hills' bad faith claim because "it could not have discovered [Defendant's] bad faith claim handling" until it received the Loss Run Report, which prompted the review of the insurance policy and amendments. Docket No. 34 at p. 2. However, Plaintiffs state that it was their own review of the policies and amendments that revealed Defendant "had misrepresented the effective dates of the Policy . . . concealing the fact that Rolling Hills also had coverage for the Claim." Docket No. 31 at ¶ 16. Plaintiffs do not allege that they were unable to review those policy documents for any reason prior to receiving the Loss Run Report. Knowledge of Defendant's alleged misrepresentation of the policy effective dates was thus available to Rolling Hills from the moment that Defendant denied its claim for coverage in April of 2020.

Under the discovery rule, Rolling Hills' bad faith claim therefore accrued on April 20, 2022. Accordingly, the next question is whether the doctrine of fraudulent concealment tolled the statute of limitations time period for Rolling Hills.

**B. Fraudulent Concealment**

Plaintiffs argue that the statute of limitations for Rolling Hills' bad faith claim should be tolled pursuant to the doctrine of fraudulent concealment. Under Oklahoma law, fraudulent concealment is "an implied exception to a statute of limitations." *Morgan v. State Farm Mut. Auto. Ins. Co.*, 2021 OK 27, ¶ 32, 488 P.3d 743, 753. "If a defendant fraudulently conceals material facts and thereby prevents a plaintiff from discovering his wrong or the fact that a cause of action has accrued against him, the limitations period is tolled." *Id.* (citing *Masquat v. DaimlerChrysler Corp.*, 2008 OK 67, ¶ 18, 195 P.3d 48, 64–55). To establish fraudulent concealment, and thereby toll the statute of limitations, a plaintiff must show:

> (1) the use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of reasonable diligence could not have known that he might have a cause of action.

*Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 336–37 (10th Cir. 1994) (quoting *King & King Enter. v. Champlin Petroleum Co.*, 657 F.2d 1147, 1154 (10th Cir. 1981)); *see also Shoemaker Corporation III, Inc. v. Garrett*, 704 F. Supp. 3d 1222, 1256 (N.D. Okla. 2023) (citations omitted). If a plaintiff fails to plead sufficient facts to support any one of these elements, the doctrine of fraudulent concealment does not apply. *Ballen*, 23 F.3d at 337.

Because Rolling Hills knew, or through reasonable diligence could have known, that it might have a cause of action when Defendant first denied its claim for coverage in April of 2020, its argument for fraudulent concealment fails. *See Tunnell v. State Farm Fire & Cas. Co.*, 2024 WL 3606683, at *5 (E.D. Okla. July 31, 2024) (holding fraudulent

concealment did not apply where the plaintiff knew his insurer refused to provide coverage and the plaintiff took no steps to learn facts by which to contradict the decision). In their First Amended Complaint, Plaintiffs allege that they did exercise reasonable diligence in investigating their claim, "but reasonably relied on [Defendant's] representations as their insurer regarding the scope of [Rolling Hill's] coverage." Docket No. 31 at ¶ 12. Plaintiffs allege they could not have discovered the existence of coverage for Rolling Hills before the Loss Run Report because Defendant, "as the insurer and drafter of the Policy and Endorsement, was in a superior position to interpret" the policy. *Id.* These facts, even taken as true, fail to establish reasonable diligence.

First, Plaintiffs' allegations that they exercised reasonable diligence are nothing more than "conclusory allegations without supporting factual averments." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs allege they did not review their insurance policy documents until after March of 2024, approximately four years after Defendant denied coverage for Rolling Hills. Docket No. 31 at ¶¶ 9, 15–16. Plaintiffs' First Amended Complaint contains no allegations that Rolling Hills took any step to evaluate its coverage or Defendant's denial prior to this point.

Plaintiffs argue this delay was not a failure to exercise reasonable diligence because they relied upon Defendant's representation that no coverage existed for Rolling Hills. Docket No. 34 at p. 11 ("[P]laintiffs' failure to interpret [the policy] differently from [Defendant's] representation, which Plaintiffs understandably relied upon, does not constitute lack of reasonable diligence."). However, under fraudulent concealment, Plaintiffs' reliance on Defendant's representation fails to satisfy reasonable diligence.

*Kansas City Life Ins. Co. v. Nipper*, 1935 OK 1127, ¶ 32, 51 P.2d 741, 747 ("It was the duty of plaintiff to exercise some degree of diligence and make some effort to learn her rights and not close her eyes and depend solely upon her adversary informing her of her rights."). Further, as pointed out above, Plaintiffs' own review of the policy and amendments, not the Loss Run Report, made Plaintiffs realize Rolling Hills should have been covered. Docket No. 31 at ¶ 16. Plaintiffs do not allege that Defendant prevented them from accessing the policy and amendments outside of the representations made in the April 2020 denial.

Thus, Rolling Hills' bad faith claim accrued in April of 2020, when it received notice that Defendant was not providing coverage under the insurance policy. The two-year statute of limitations expired in April of 2022, and Plaintiffs have not established grounds for tolling. As a result, Rolling Hills' bad faith claim against the Defendant is barred by the statute of limitations. *See Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1204 (N.D. Okla. 2009) ("In the instant case, Plaintiff was aware of the facts which could have given rise to a claim on December 31, 2003[, when her claim for insurance was denied]. It is irrelevant she did not realize such conduct may have supported a bad faith claim.").

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Columbia Casualty Company's Renewed Partial Motion to Dismiss [Docket No. 33] be DENIED IN PART, with respect to the bad faith claims of Triacle and Sullivan, and GRANTED IN PART, with respect to the bad faith claim of Rolling Hills. Any

objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 2nd day of October, 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**